IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRANCH BANKING AND TRUST COMPANY,

        Plaintiff,

v.                                 CIVIL ACTION NO. 2:14-cv-15876

WILLIAM EDDIE PERRY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Branch Banking and Trust Company's ("BB&T") motion for entry of default judgment [ECF 6]. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

*I.    BACKGROUND*

This action arises from Defendant William Eddie Perry's alleged default on his obligation to make payments on a $150,700 commercial loan extended to him by Plaintiff BB&T. On May 6, 2014, Plaintiff filed its Complaint requesting a money judgment in the principal sum of $105,248.54, $4,028.75 in accrued interest on the loan, $5,281.27 in fees, pre-judgment and post-judgment interest, and attorney's fees (ECF 1). An affidavit has been filed with the Court attesting that on May 14, 2014, Defendant was personally served with a summons (ECF 5.) The summons notified Defendant that this lawsuit has been filed, that he had twenty-one days to file an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure, and advised that Defendant's answer or Rule 12 motion was to be filed with the Court and served on Plaintiff's counsel at the address provided. The affidavit explicitly advised Plaintiff that if he failed to

respond, "judgment by default will be entered" against him for the relief requested in the Complaint. *Id.*

Defendant was required to file an answer or motion on or before June 4, 2014. To date, Defendant has filed nothing. On June 26, 2014, Plaintiff filed its motion for default judgment (ECF 6). Defendant has not responded.

## II.     LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After a default is entered by the clerk, a party may seek default judgment under Rule 55(b). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

Where a properly served party has failed to plead or otherwise defend, that party is in default. *See* Fed. R. Civ. P. 55(a). In the event of default, the well-pleaded allegations in the complaint may be taken as true. *Id.* "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "Although [the] rule governing default judgment limits the damages recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint, it does not require plaintiff to have demanded a sum certain in order to recover on default." *Hockey Club of the Ohio*

*Valley, LLC v. Eagle Mktg. Grp., L.L.C.*, 5:12CV161, 2013 WL 6524719 (N.D.W. Va. Dec. 12, 2013) (citing *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361 (E.D.N.Y. 2005)).

### III. DISCUSSION

In its motion for default judgment, Plaintiff has tendered affidavits showing that Defendant was properly served with a summons in this case, and the record shows that he has failed to plead or otherwise defend this action. Accordingly, pursuant to Rule 55(a), the Clerk of this Court must enter Defendant's default. Thus, the Court **DIRECTS** the Clerk to enter Defendant's default.[1]

The Court accepts the allegations in Plaintiff's Complaint as true. Plaintiff asserted in its Complaint the following sums: $105,248.54 for the outstanding principal on the loan; $4,028.75 in accrued interest; $5,281.27 in fees; pre-judgment and pre- and post-judgment interest; and attorney's fees and costs. In its motion for default judgment, Plaintiff requests these same items of damages and costs. Plaintiff has not provided a statement of, or argument in support of, a certain amount of pre- and post-judgment interest it is entitled to under law. Also, the Court is unable at this juncture to ascertain the reasonableness of Plaintiff's claim for attorneys' fees.

### IV. CONCLUSION

Accordingly, the Court **FINDS** that Plaintiff is entitled to default judgment. The Court **GRANTS IN PART** and **DENIES IN PART** the motion for default judgment [ECF 6]. The Court **GRANTS** Plaintiff's motion with respect to its claims for the principal loan balance and interest on the loan and fees and the Court **ORDERS** that Judgment is entered against Defendant

---

[1] Pursuant to Rule 55(b), the entry of default must precede entry of default judgment. For the sake of efficiency, the Court will construe the Clerk's entry of default as a *nunc pro tunc* entry. Plaintiff is advised that in future filings, it must seek entry of default prior to filing a motion for default judgment where the Clerk has not entered default.

in the amount of $105,248.54 for the outstanding principal on the loan; $4,028.75 in interest; and $5,281.27 in fees.

The Court **DENIES** the motion to the extent it seeks pre- and post-judgment interest and attorney's fees. Should Plaintiff wish to pursue an order for pre- and post-judgment interest and attorneys' fees, it may file a motion for interest and attorney's fees within **THIRTY DAYS** from the date of entry of this Order, that is, on or before **DECEMBER 10, 2014.**

Should Plaintiff file a motion for interest and attorney's fees, the motion must be accompanied by a memorandum and appropriate supporting affidavits, billing records, and other exhibits justifying in detail the principal balance, pre-judgment interest, reasonable attorney's fees and costs, and any other element of recovery sought to the extent requested in the Complaint as of December 10, 2014. Plaintiff shall also file with its motion and supporting memorandum a proposed default judgment order setting forth the total judgment and itemizing each element of recovery sought which Plaintiff believes it is entitled to as of December 10, 2014.

Should Plaintiff elect not to file a motion for interest and attorney's fees on or before December 10, 2014, the Court will enter a final judgment order itemizing the outstanding principal on the loan and interest on the loan and fees as set forth above and dismissing this case.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:	November 10, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE